UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDICE THURMAN,

        Plaintiff,

v.

                                     Case No. 21-cv-12680
                                     Honorable Gershwin A. Drain

WAYNE COUNTY POLICE
DEPARTMENT, *et al.,*

        Defendants.

_____/

## OPINION AND ORDER DISMISSING COMPLAINT

## I.    INTRODUCTION

On November 16, 2021, Plaintiff Brandice Thurman filed the instant action against Defendants, the Wayne County Police Department, the Wayne County Airport Authority, and Wayne County Investigator Ryan Carroll, seeking the return of property—$54,000.00 in United States currency—she claims was unlawfully seized at the Detroit Metropolitan Airport in Detroit, Michigan on July 15, 2021. *See* ECF No. 1. Plaintiff purports to bring this action pursuant to Federal Rule of Criminal Procedure 41(g) and 28 U.S.C. § 1355. For the reasons that follow, the Court dismisses the instant action.

## II.    FACTUAL BACKGROUND

In her Motion for Return of Illegally Seized Property Pursuant to Fed. R. Crim. P. 41(g), construed as her Complaint, Plaintiff claims she was traveling to

Los Angeles, California from Cleveland, Ohio on July 15, 2021.  *See* ECF No. 1, PageID.3.  Her flight itinerary included a layover at Detroit Metropolitan Airport (DTW) in Detroit, Michigan. *Id*.

When Plaintiff arrived in Los Angeles, she discovered her luggage had been detained at DTW.  *Id*., PageID.4.  A few hours later, Plaintiff alleges she was contacted by Defendant Ryan Carroll, who informed her that her luggage had been flagged by a drug sniffing canine and seized. *Id*.  Defendant Carroll inquired about the contents in Plaintiff's suitcase, and Plaintiff informed him it contained clothes and $54,000.00 from her job as an exotic dancer. *Id*. Defendant Carroll allegedly told Plaintiff he was getting a search warrant. *Id*.  He purportedly seized the $54,000.00 and told Plaintiff she would receive a "mailing within a week's time confirming the forfeiture."  *Id*.  Plaintiff maintains her luggage was returned to Cleveland, but no longer contained her money.  *Id*. Plaintiff has not received any information concerning a judicial forfeiture against her, and her money has not been returned. *Id*.   Plaintiff's Complaint is silent as to whether any other proceedings related to the subject property–criminal or administrative–have been initiated against her.  A review of the Eastern District of Michigan's electronic docketing system reveals that there are no other proceedings involving the Plaintiff in this Court.

### III.    PROCEDURAL BACKGROUND

The clerk of the court issued summons for all of the Defendants on November 16, 2021. On November 17, 2021, this Court issued an Order for Plaintiff to Comply with E.D. Mich. L.R. 83.20(f), requiring Plaintiff to obtain local counsel no later than two weeks from the date of the order. As of the date of this Opinion and Order, no attorney admitted to practice in this State has filed a notice of appearance on behalf of the Plaintiff, and her out-of-state counsel failed to otherwise respond to this Court's November 17, 2021 order.

On March 25, 2022, after Plaintiff failed to timely serve the Defendants, the Court issued an Order for Plaintiff to show cause why this matter should not be dismissed for failure to prosecute. *See* ECF No. 4. Plaintiff was required to show cause no later than April 1, 2022. *Id*. On April 1, 2022, Plaintiff filed a Response to the Order to Show Cause indicating counsel "has been in the throes of several mishaps that really started around Thanksgiving time." ECF No. 5, PageID.18. Counsel further advises that his secretary has taken ill, in addition to counsel experiencing a serious foot condition resulting in numerous medical procedures. *Id*. The Court notes counsel's response does not state whether counsel has made any attempts to serve the Defendants. *Id*. Nor does counsel indicate when he plans to serve the Defendants with the summons and complaint. *Id*.

## IV.    LAW & ANALYSIS

Here, Plaintiff's Complaint is subject to dismissal on various grounds.  As an initial matter, Plaintiff has not established good cause for her failure to serve the Defendants within 90 days as required by Federal Rule of Civil Procedure 4(m). *See* Fed. R. Civ. P. 4(m). "Dismissal of [an] action shall follow" untimely service "unless the plaintiff shows good cause for failure to meet the" deadline. *Nafziger v. McDermott Int'l, Inc*., 467 F.3d 514, 521 (6th Cir. 2006) (internal quotations and citation omitted).

"Establishing good cause is the responsibility of the . . . the plaintiff[ ] and necessitates a demonstration of why service was not made within the time constraints." *Id.* (internal quotation marks omitted).  In this case, it has been nearly 150 days since Plaintiff filed this action. Plaintiff is represented by counsel and Plaintiff's response fails to identify any effort whatsoever in attempting to effectuate service upon the Defendants. *See Nafziger*, 467 F.3d at 521-22 (district court did not abuse its discretion in finding an absence of good cause where the plaintiffs were represented by counsel and counsel had personal issues regarding his young children).  Plaintiff has not established good cause for failing to timely

serve the Defendants.[1] However, because the Court concludes it lacks subject matter jurisdiction, this matter is properly dismissed for this additional reason.

Generally, courts may not *sua sponte* dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint. *See Tingler v. Marshall*, 716 F.2d 1109, 1111–12 (6th Cir. 1983). However, a court may dismiss a complaint even when a filing fee has been paid "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6thCir. 1999); *see also Neitzke v. Williams*, 490 U.S. 319, 327 n.6, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989) ("A patently insubstantial complaint may be dismissed, for example, for want of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).").

The federal courts are courts of limited jurisdiction; they have only such jurisdiction as is defined by Article III of the United States Constitution and granted by Congress. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994); *Fisher v. Peters*, 249 F.3d

---

[1] The Court notes this is not the first instance counsel has exhibited unusually dilatory conduct in this district. *See Simmons v. State of Michigan, et al*., No. 2:20-cv-12355 (Jan. 27, 2022) (granting motion to dismiss as a sanction for counsel's failure to engage in discovery, as well as dismissing claims against other defendants for failure to prosecute, and awarding sanctions in the amount of reasonable attorney's fees) (Hon. Linda V. Parker).

433, 444 (6th Cir. 2001). As provided in 28 U.S.C. §§ 1331 and 1332, federal courts have jurisdiction (1) over civil actions arising under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331 ("federal question jurisdiction"), and (2) over civil actions between completely diverse parties where the matter in controversy exceeds the sum or value of $75,000, 28 U.S.C. § 1332 ("diversity jurisdiction"). Federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*. *See In re Lewis*, 398 F.3d 735, 739 (6th Cir. 2005). Additionally, Federal Rule of Civil Procedure 12(h)(3) requires the Court to dismiss an action if, at any time, it determines it lacks subject matter jurisdiction over the action. *See* Fed. R. Civ. P. 12(h)(3).

A motion pursuant to Federal Rule of Criminal Procedure 41 is treated "as a civil action in equity when the owner of the property invokes the Rule after the conclusion of h[er] criminal proceedings." *United States v. Oguaju*, 107 F. App'x 541, 542 (6th Cir. 2004) (citing *United States v. Dusenbery*, 201 F.3d 763, 768 (6th Cir. 2000)). Rule 41(g) states in relevant part that:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property is seized.

Fed. R. Crim P. 41(g).

However, Rule 41(g) applies only to the federal government, and Plaintiff has sued the Wayne County Police Department, the Wayne County Airport Authority and Wayne County Airport Investigator Ryan Carroll. *See United States v. Price*, 841 F.3d 703, 707 (6th Cir. 2016); *United States v. Black*, No. 3:07-CR-61, 2014 U.S. Dist. LEXIS 108306, at *3 (E.D. Tenn. Aug. 5, 2014) (citing *Oguaju*, 107 F. App'x at 542-43) (denying defendant's Rule 41(g) motion because the property was seized by the state of Michigan and there was no evidence it was ever in the custody of a federal agent or agency); *United States v. Massengill*, No. 20-5437, 2020 U.S. App. LEXIS 39900, at *5-6 (6th Cir. Dec. 18, 2020) (concluding Rule 41(g) offers no remedy for a plaintiff whose property was seized by state authorities pursuant to a state parole certificate).

Plaintiff's reliance on *Mora v. United States*, 955 F.2d 156 (2d Cir. 1992) is misplaced.  In *Mora*, a prisoner moved pursuant to Rule 41 to recover property seized by *federal* drug enforcement agents, after conviction and sentencing for violation of federal drug laws.  *Id*. at 157.   In this case, Plaintiff does not allege her property has been seized by federal law enforcement officers or agents, rather she alleges the Wayne County police and an agent of the Wayne County Airport authority seized her property.  While the *Mora* court acknowledged that "where no criminal proceedings against the movant are pending or have transpired, a motion for the return of property is treated as a civil equitable proceeding even if styled as

being pursuant to Fed. R. Crim. P. 41[g]][,]" this only applies if the property is in the possession of the federal government. *Id*.   Thus, Plaintiff's claim fails because she does not appear to have brought the correct claim.  Plaintiff's citation to other federal criminal cases is also unavailing.

Because Plaintiff has not alleged her property is in the possession of the federal government or a federal agent, her claim fails. *See Price*, 841 F.3d at  707; *Black*, 2014 U.S. Dist. LEXIS 108306, *3 (when state and local officials have seized and disposed of property, Rule 41(g) does not empower the federal district court to order such officials to return the subject property); *Massengill*, 2020 U.S. App. LEXIS 39900, *5-6.   Additionally, 28 U.S.C. § 1355 provides federal district courts with exclusive jurisdiction over matters seeking recovery of any fine, penalty or forfeiture, incurred under any Act of Congress.  Yet, even if Plaintiff could assert a private cause of action under § 1355, she does not allege her money was seized under an Act of Congress.

Plaintiff mentions the Fourth and Fifth Amendments in a perfunctory manner in her motion, but she does not refer to section 1983, or the Fourteenth Amendment.  Of course, it is well settled that the Fourteenth Amendment requires state and local authorities to provide property owners with adequate notice of forfeiture proceedings involving their property.  *See, e.g., Robinson v. Hanrahan*, 409 U.S. 38, 40 (1972).  However, in order to state a viable claim pursuant to 42

U.S.C. § 1983, Plaintiff must allege the Defendants acted under color of law and their conduct deprived her of a constitutional right.  To the extent Plaintiff sought to bring a §  1983 claim, her allegations are wholly conclusory.  Moreover, for local entities to be liable under § 1983, the alleged unconstitutional conduct must be committed pursuant to an official custom, policy or practice and Plaintiff's allegations are devoid of any facts from which the Court can infer an unlawful custom, practice or policy by the named Defendant-County entities.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694-95 (1978).

## V.   CONCLUSION

Plaintiff's Complaint is subject to dismissal due to her failure to establish good cause for untimely service under Fed. R. Civ. P. 4(m).  Plaintiff's Complaint is also subject to dismissal because neither Fed. R. Crim. P. 41(g), nor 28 U.S.C. § 1355 can provide her relief against the local agencies and agent she has sued herein.  Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.  This Court's March 25, 2022 Order to Show Cause is **DISMISSED** as **MOOT**.

SO ORDERED.

Dated:        April 18, 2022

s/Gershwin A. Drain
Hon. Gershwin A. Drain
United States District Court Judge

CERTIFICATE OF SERVICE
Copies of this Order were served upon attorneys of record on
April 15, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager